UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Yehuda (Jay) Adams,<br><br>                                         Plaintiff,<br><br>-v-<br><br>Menahem Mendal Banon, Stephanie Ester Banon, and PUR Technologies, Inc.,<br><br>                                         Defendants. | 2:24-cv-4027<br>(NJC) (SIL) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

On August 12, 2024, I dismissed this action pursuant to Fed. R. Civ. P. 12(h)(3) because Plaintiff Yehuda (Jay) Adams ("Adams") failed to sufficiently allege, much less establish, the citizenships of the parties in order to invoke this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Elec. Order, Aug. 12, 2024.) Specifically, Adams failed to allege facts, via sworn affidavit or otherwise, that would establish his domicile. (*Id.*) Additionally, Adams's reliance on representations in two motions for extensions of time (ECF Nos. 15, 16) failed to establish the domicile of either Defendant Menahem Mendal Banon ("Mendal") or Defendant Stephanie Ester Banon ("Banon," together, the "Banons"). (*Id.*)

On August 15, 2024, Adams filed a motion to reopen the case and vacate the dismissal order pursuant to Rule 60(b)(1) and (b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). (ECF No. 29.) On August 22, 2024, I denied the motion, finding that although Adams submitted facts via sworn allegations sufficient to establish his domicile and Mendal's residence in Florida for the last five years, he failed to establish the Banons' domicile. (Elec. Order, Aug. 22, 2024.) The Court thus lacked subject matter jurisdiction over the action in order to reopen the

case or vacate the dismissal order. (*Id.*)

On August 30, 2024, Adams filed both a motion for reconsideration (ECF No. 21) and an Amended Motion for Reconsideration (Mot., ECF No. 22) of the August 22, 2024 order denying the motion to reopen, pursuant to Rule 60(b), Fed. R. Civ. P. I will consider only the Amended Motion for Reconsideration, which is the later filed document and appears to be identical to the original motion. The Amended Motion for Reconsideration argues that "the denial of the motion to reopen was based on a clear error and oversight of critical factual and legal determinations," namely, "the Court overlooked Plaintiff's sworn affidavit which stated he had personal knowledge, in addition to the corroborative evidence, which adequately demonstrated Defendants' residency in Florida, thereby satisfying the requirements for diversity jurisdiction." (Mem., ECF No. 22-1 at 1.) Adams further argues that, in addition to his sworn statement, which was based on "personal knowledge that the Defendants were residents of Florida," he submitted corroborating evidence of "sworn statements from the Defendants themselves and their attorney." (Mem. at 3.)

The standard for granting a motion for reconsideration is "strict." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021). The decision to grant or deny the motion for reconsideration rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009). "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quotation marks omitted). It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the

2

merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quotation marks omitted). A party's "disagreement" with the court's "explication of the relevant legal standards and application of the standards to the facts of [the] case" does not justify the grant of a motion for reconsideration. *McGraw-Hill Global Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 398 (S.D.N.Y. 2018). The "manifest injustice" standard affords the district court substantial discretion and is rarely met. *See Chitkara v. N.Y. Tel. Co.*, 45 F. App'x 53, 55 (2d Cir. 2002).

Adams's Amended Motion for Reconsideration fails to show that the August 22, 2024 order denying the motion to reopen committed "clear error." First, the order did not overlook Adams's sworn declaration (ECF No. 20-2) or the "corroborative evidence" submitted in support of the motion to reopen. In fact, the August 22, 2024 order denying the motion to reopen quoted from both Adams's declaration and from the document that appears to be a notarized, sworn declaration from Mendal (ECF No. 20-5) in which Mendal states that he is "a resident of Miami Beach, Florida, where [he has] lived for the past 5 years." (Elec. Order, Aug. 22, 2024.)

Second, the remainder of the "corroborative evidence" submitted in support of the motion to reopen does not contain sworn allegations establishing the Banons' domicile. The petition filed in Texas state court against the defendants in this action (ECF No. 20-3) does not establish any facts as to the Banons' domicile. The printout of the sunbiz.org page for Defendant PUR Technologies Inc. ("PUR") showing that Banon is its registered agent for service of process with the same address as PUR (ECF No. 20-4) also does not establish any facts as to the Banons' domicile. Additionally, the motions for extensions of time (ECF No. 20-5) are not sworn allegations, as I have already found, nor do they establish the Banons' domicile, as opposed to

3

their residence. *See Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019) (recognizing the difference between residence and domicile and that domicile is a party's "true fixed home and principal establishment, and to which, whenever [they are] absent, [they have] the intention of returning").

Third, Adams's declaration in support of the Amended Motion for Reconsideration does not establish the Banons' domicile. (ECF No. 22-2.) In that document, Adams affirms that he has "personal knowledge of . . . [Defendants'] residence in Florida" based on his "previous encounters and the relationship" he had with them. (*Id.* ¶¶ 4–5.) Once again, sworn statements as to a party's *residence* are "insufficient to establish *domicile* for jurisdictional purposes." *Van Buskirk*, 935 F.3d at 53 (emphasis added). Adams offers no factual basis to establish that Florida is the place of the Banons' "true fixed home and principal establishment, and to which, whenever [they are] absent, [they have] the intention of returning." *Id.*

Accordingly, Adams has failed to demonstrate that the August 22, 2024 order denying the motion to reopen committed clear error, and the amended motion for reconsideration (ECF No. 22) is denied. The motion for reconsideration (ECF No. 21) is dismissed as moot.

Dated:      Central Islip, New York
               September 4, 2024

                                        */s/ Nusrat J. Choudhury*
                                        NUSRAT J. CHOUDHURY
                                        United States District Judge